[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Ottawa County Municipal Court. Pursuant to 6th Dist.Loc.App.R. 12(C), this case is hereby assigned to our accelerated calendar.
On July 29, 1997, appellant, Scott A. Oestreich, entered a no contest plea to the charge of driving under the influence of alcohol in violation of R.C. 4511.19(A)(3). He was found guilty and sentenced to ten days in jail. Appellant now appeals his conviction setting forth the following assignment of error:
 "WHEN AN OFFICER DETERMINES THERE IS INSUFFICIENT EVIDENCE TO STOP A DEFENDANT FOR A TRAFFIC VIOLATION, HE DOES NOT RESURRECT AUTHORIZATION TO STOP AND SEARCH BY RUNNING HIS REGISTRATION FOR HIS VEHICLE."
A suppression hearing was held on June 6, 1997. State Highway Patrolman Joshua M. Swindell testified he was on routine patrol at approximately 2:18 a.m. on January 23, 1997 when he observed a driver make a turn without using a turn signal. On cross-examination, Trooper Swindell explained his actions:
 Defense: "And the only time that you claim my client violated the turn signal law is after you saw him turn onto Opfer-Lentz Road; is that right?
 Swindell: "That's correct sir."
 Defense: "And what did you do when you saw my client turn on Opfer-Lentz Road?
 Swindell: "I then proceeded to get behind the defendant."
 Defense: "And you turned on your flashers?
Swindell: "My overhead lights?
Defense: "Yes."
Swindell: "No, sir."
Defense: "Why not?"
 Swindell: "I was still quite a distance away from, a quarter mile. I had to catch up with him first, and I usually will run the registration of the vehicle before making a stop."
 Defense: "Well, now wait a minute. You were close enough to see that he made a violation of law, but not close enough to try to stop him.?
 Swindell: "No, and I was going to stop on 163, and then he turned onto Opfer-Lentz road, I would have stopped him. But I had to catch up to the Defendant first and run his registration."
"* * *
 Defense: "And, officer, you would have us believe now that the failure to use the turn signal on 163 was sufficient to cause you to stop his vehicle?"
 Swindell: "Yes."
 Defense: "And you would also tell us that you did not attempt to stop his vehicle for another two miles after that violation?"
 Swindell: "That is correct."
 Defense: "And during that two mile stretch, you couldn't detect any other violation of my client's vehicle's [sic] operation?"
 Swindell: I was checking up to the vehicle. I was also paying attention to my driving and things of that nature. I was catching up to the defendant's vehicle."
"* * *
 Defense: "And you didn't detect any other violation of law, did you, during that entire period of time?"
 Swindell: "Other than he committed the next turn signal violation when I did catch up to him."
Although Trooper Swindell's testimony was somewhat confusing, his version of the events leading up to appellant's stop remained consistent. He saw appellant commit a traffic infraction by not signaling when he turned. This action alone would have been enough to justify a stop of appellant's vehicle had Trooper Swindell been closer to appellant's vehicle. In the time it took him to catch up to appellant's vehicle, Trooper Swindell witnessed appellant commit another traffic infraction thus adding to the reasonable suspicion already possessed by the officer that a crime had been committed.
Appellant cites Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus, which held:
 "Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity. (United States v. Ferguson [C.A.6, 1993], 8 F.3d 385, applied and followed.)"
Appellant argues that Trooper Swindell's testimony that he stopped appellant based on probable cause that a traffic violation occurred is "simply not believable." Rather, appellant contends Trooper Swindell stopped him because of the information he received when he ran a computer check of appellant's license. Appellant has not explained and the record does not reveal what information the Trooper allegedly received. In support of his argument, appellant emphasizes the fact that Trooper Swindell did not immediately stop his vehicle after witnessing the traffic violation.
In examining a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of the witnesses are functions of the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275. Where the factual findings of the trial court are clearly supported by the evidence, its ruling will not be disturbed on appeal, absent an error of law. DePew, supra.
Trooper Swindell testified he initially pursued appellant's vehicle because of one traffic infraction but before he could get close enough to signal appellant to stop, he witnessed appellant commit a second traffic infraction. Based on this testimony, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Municipal Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.